**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEVAR PAYTON, #411-397                    *

Plaintiff                                         *

v                                                 *          Civil Action No. ELH-16-1263

ALLEGANY CIRCUIT COURT            *

Defendant                                       *
                                                        ***

## **MEMORANDUM**

Plaintiff   Levar Payton, a Maryland Division of Correction prisoner housed at North Branch Correctional Institution ("NBCI"), brings this civil rights action under 42 U.S.C. § 1983, seeking money damages.   Payton alleges that on one unspecified occasion he was "present before a judge dressed with mace no underwear no shoes and bare chested with shackles in the courthouse that'd [sic] violated constitutions."   ECF 1 at p. 3.   In addition to this Complaint, Payton has filed a Motion for Leave to Proceed in Forma Pauperis (ECF 2), which shall be granted pursuant to 28 U.S.C. § 1915(a).

This court is obligated by 28 U.S.C. §1915A(b)(1) and (2)  to screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under the provisions of 28 U.S.C. § 1915(e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Payton names the "Allegany Circuit Court" as the sole defendant.  A court, however, is not a "person" subject to suit under 42 U.S.C. § 1983.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Even if a proper defendant had been identified, the case is subject to dismissal.  The Due Process Clause prohibits the routine use of physical restraints visible to a jury during the guilt phase of a criminal trial, absent a special need.  *See Desk v. Missouri*, 544 U.S. 622, 626 (2005). Examination of Maryland's electronic docket reveals that Payton has appeared in the Allegany County Circuit Court on several occasions, none involving a jury.  In *State of Maryland v. Payton,* Case No. 01K15816506, Payton was charged with assault on a Division of Correction ("DOC") employee on January 13, 2015.  Various motions have been argued, but the case has not resulted in trial.  In *State of Maryland v. Payton,* Case No. 01K16017324, Payton was charged with assault on a DOC employee on September 19, 2015.  It appears Payton made an initial appearance on May 3, 2016.  Similarly, in *State of Maryland v. Payton,* Case No. 01K16017325, Payton was charged with a July 20, 2015, assault on a DOC employee, and has been to court on an initial appearance.  Case No. 01K15016524, *State of Maryland v. Payton,* charges Payton with the offense on December 29, 2014, of possession of a weapon while confined.  Various motions have been argued, but the matter has not been brought to trial.

The facts of this case do not state a constitutional claim.  Accordingly, the Complaint shall be dismissed, without prejudice, in a separate Order to follow.

April 29, 2016_____                  _____/s/_____
Date                                            Ellen L. Hollander
                                                United States District Judge